IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James Tinsley, #171943, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:16-996-HMH-MGB |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| South Carolina Department of Probation, | ) | |
| Parole and Pardon Services; Governor | ) | |
| Nikki Haley; Larry Ray Patton, Jr.; | ) | |
| David Baxter; Marvin Stevenson; Henry | ) | |
| Eldridge; Thomas Hallam; and John Doe, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] James Tinsley ("Tinsley"), proceeding pro se, alleges that the Defendants violated 42 U.S.C. § 1983 by relying on expunged records to deny him parole. In her Report and Recommendation, Magistrate Judge Baker recommends granting Defendants' motion to dismiss, denying Tinsley's motion for summary judgment, and dismissing as moot Defendants' motion to dismiss or stay Tinsley's motion for summary judgment. (R&R 18, ECF No. 38.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tinsley was previously incarcerated at Trenton Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. (Compl. 2, ECF No. 1.) While incarcerated, Tinsley was denied parole on April 9, 2014, and again on May 27, 2015. (Sec. Am. Compl. ¶¶ 13, 15, ECF No. 11.) Subsequently, Tinsley was granted parole on May 25, 2016. (Id. ¶ 25, ECF No. 11.) Tinsley alleges that the Defendants violated his constitutional rights by relying upon allegedly false information in their decisions to deny parole. (Id. ¶¶ 20-23, ECF No. 11.)

On March 28, 2016, Tinsley filed the instant case. (Compl., ECF No. 1.) Tinsley amended his complaint on May 11, 2016, and again on June 24, 2016. (Am. Compl., ECF No. 8); (Sec. Am. Compl., ECF No. 11.) On January 17, 2017, Defendants filed a motion to dismiss. (Defs. Mot. Dismiss, ECF No. 29.) Tinsley responded and filed a motion for summary judgment on February 3, 2017. (Pl. Mot. Summ. J., ECF No. 34.) On February 10, 2017, Defendants replied in support of their motion to dismiss. (Defs. Reply, ECF No. 36.) Additionally, Defendants filed a motion to dismiss, stay, or extend the time to respond to Tinsley's motion for summary judgment on February 17, 2017. (Defs. Mot. Dismiss Pl. Mot. Summ. J., ECF No. 37.) On May 16, 2017, Magistrate Judge Baker issued her Report and Recommendation, recommending that Tinsley's complaint be dismissed because: (1)Tinsley's official capacity claims against Defendants South Carolina Department of Probation ("SCDPPS"), Larry Ray Patton, Jr. ("Patton"), David Baxter ("Baxter"), Marvin Stevenson ("Stevenson"), Henry Eldridge ("Eldridge"), Thomas Hallam ("Hallam"), and John Doe ("Doe") are barred by sovereign immunity; (2) Patton, Baxter, Stevenson, Eldridge, Hallam, and Doe are entitled to absolute quasi-judicial immunity in regard to Tinsley's individual-capacity claims; and

(3) Tinsley has failed to adequately plead a claim against former governor Nikki Haley ("Governor Haley") and she is entitled to qualified immunity. (R&R, generally, ECF No. 38.) Tinsley filed objections on May 24, 2017. (Objs., ECF No. 40.) This matter is ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Motion to Dismiss

Pursuant to Rule 12(b)(6), a party may move to dismiss a cause of action if the opposing party fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When presented with a Rule 12(b)(6) motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

### B. Objections

Tinsley filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Tinsley's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean three specific objections.  Tinsley objects that the magistrate judge erred in finding that:  (1) his official capacity claims are barred by sovereign immunity; (2) Defendants Baxter, Stevenson, Eldridge, Hallam, and Doe, who Tinsley alleges were members of the parole board during the relevant periods, and Patton, who Tinsley alleges was a parole board investigator responsible for the preparation of his correctional file, are entitled to absolute quasi-judicial immunity; and (3) he has failed to adequately plead a complaint against Governor Haley and that she is entitled to qualified immunity.  (Objs., generally, ECF No. 10.)

### 1. Official-Capacity Claims

Tinsley objects that the magistrate judge erred in finding that his official-capacity claims are barred by Eleventh Amendment immunity.  The magistrate judge found that, while the Ex parte Young[2] doctrine provides an exception to Eleventh Amendment sovereign immunity, it is inapplicable in this case because Tinsley's claims do not present a continuing constitutional violation.  (R&R 10, ECF No. 38); see also Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into

---

[2] Ex parte Young, 209 U.S. 123 (1908).

4

whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (internal quotation marks omitted)). In response, Tinsley argues that, irrespective of his parole, he has a right to have the false information removed from his correctional file. (Objs. 2, ECF No. 40.) Additionally, Tinsley argues that he has alleged ongoing violations because he remains on probation and is subject to further due process violations through future probation hearings where the allegedly incorrect and prejudicial information may be relied upon to revoke his parole. (Id. at 2-3, ECF No. 40.)

To state a complaint based upon a parole board's failure to remove allegedly incorrect and prejudicial information from his correctional file, Tinsley must allege: "(1) that information is in his file, (2) that the information is false, and (3) that it is relied on to a constitutionally significant degree." Paine v. Baker, 595 F.2d 197, 201 (4th Cir. 1979). The requirement of reliance has two dimensions:

> The first is the nature of the adverse administrative decision made on the basis of erroneous information. If the information is relied on to deny parole or statutory good-time credits, or to revoke probation or parole, the inmate's conditional liberty interest is at stake and the due process clause is called into play. . . . The nature of the false information is the second dimension. If the alleged error is a technical one which would not reasonably be a factor relied on in the decision-making process, then no claim for relief will lie. If the error is more significant, I. e., involving the inmate's past criminal record or his record of disciplinary offenses while in prison, then it may reasonably be relied on and fundamental fairness requires its expunction.

Id. at 202. An inmate is not required to "wait until an adverse decision has been rendered . . . ." Id. at 201-02. Instead, Tinsley is only required to "allege that the false information is such that prison officials are likely to rely on it." Id. at 202.

In this case, the magistrate judge properly found that the SCDPPS is entitled to Eleventh Amendment immunity because the Ex parte Young exception applies only to parole board members that are named as Defendants. See Idaho v. Coeur d'Alene Tribe, 521 U.S. 261, 269 (1997). In regard to the parole board members, the court agrees with Tinsley that he has adequately pled a claim for an ongoing constitutional violation based upon the possibility of future parole revocation hearings. The court notes that the alleged ongoing violation will cease once Tinsley's probation ends, which may occur prior to the completion of this case. Thus, Tinsley has adequately pled an ongoing violation and the Defendants' motion to dismiss as to Patton, Baxter, Stevenson, Eldridge, Hallam, and Doe is denied without prejudice.

### 2. Individual-Capacity Claims

#### a. Patton, Baxter, Stevenson, Eldridge, Hallam, and Doe

Tinsley objects that the magistrate judge erred in finding that Patton, Baxter, Stevenson, Eldridge, Hallam, and Doe are entitled to absolute quasi-judicial immunity with respect to Tinsley's individual-capacity claims. Based upon Tinsley's allegations, it appears that Baxter, Stevenson, Eldridge, Hallam, and Doe were parole board members during the relevant time periods. (Sec. Am. Compl. 3-4, ECF No. 11.) Tinsley states that Patton was an investigator for the parole board who provided information regarding Tinsley for his parole determinations. (Pl. Mem. Supp. Mot. Summ. J. 6, ECF No. 34-1.) Tinsley argues that these defendants are not entitled to absolute quasi-judicial immunity because their refusal to expunge the allegedly false information from his correctional file was not a judicial act. (Objs. 4, ECF No. 40.) Further, Tinsley argues that these defendants are not entitled to qualified immunity because they knew or should have known that maintaining false records was unlawful. (Id., ECF No. 40.)

Patton, Baxter, Stevenson, Eldridge, Hallam, and Doe are entitled to absolute quasi-judicial immunity. "[M]embers of the Parole Board, who perform a quasi-judicial function, are immune from suits for damages under 42 U.S.C. § 1983." Franklin v. Shields, 569 F.2d 784, 798 (4th Cir. 1977). Tinsley attempts to distinguish the consideration of his correctional file for a parole determination from the creation and maintenance of the file. However, there is no distinction. In an analogous case, the Second Circuit found that probation officers who created a pre-sentence report which contained allegedly false information were entitled to absolute immunity. See Hili v. Sciarotta, 140 F.3d 210, 215 (2d Cir. 1998); see also Gilmore v. Bostic, 636 F. Supp. 2d 496, 504-06 (S.D. W. Va. 2009) (finding that parole board and a parole board investigator were entitled to absolute quasi-judicial immunity for actions related to creation of pre-sentence report and parole determinations). Like in Hili, the issue in this case is the consideration of allegedly incorrect and prejudicial information in a hearing. See id. at 214. Therefore, the magistrate judge did not err in finding that Patton, Baxter, Stevenson, Eldridge, Hallam, and Doe are entitled to absolute quasi-judicial immunity in regard to Tinsley's individual-capacity claims. As a result, Tinsley's objection is without merit.

### b. Governor Haley

Tinsley objects that the magistrate judge erred in finding that he failed to adequately plead a claim against Governor Haley and that she is entitled to qualified immunity. (Objs. 5-6, ECF No. 40.) Tinsley argues that he has adequately pled a claim because Governor Haley was aware of the erroneous information in his correctional file based upon two letters that Tinsley sent to Governor Haley's office. (Id. at 6-7. ECF No. 40.) Similarly, Tinsley argues that Governor Haley is not entitled to qualified immunity because his letters contained sufficient

information to advise Governor Haley of the illegality of her subordinates' actions. (Id., ECF No. 40.)

To state a claim for supervisory liability under § 1983, Tinsley must plead:

> (1) that the supervisor had actual or constructive knowledge that [her] subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks and citations omitted). To satisfy the first element, Tinsley must show: "(1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." Id. "Establishing a pervasive and unreasonable risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm of constitutional injury." Id. (internal quotation marks omitted).

In the instant case, Tinsley has failed to demonstrate a widespread risk of harm or a pervasive and unreasonable risk of constitutional injury. The court agrees with the magistrate judge that the submission of two letters does not satisfy the requirements to state a claim for supervisory liability. See Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984) (noting that the plaintiff in a supervisory liability case "assumes a heavy burden of proof" and "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . ."). As a result, Tinsley's objection is without merit.

Therefore, after a thorough review of the magistrate judge's Report and Recommendation and the record in this case, the court adopts Magistrate Judge Baker's Report and Recommendation to the extent that it is consistent with this order.

It is therefore

**ORDERED** that Defendants' motion to dismiss, docket number 29, is granted in part and denied in part as set out. It is further

**ORDERED** that Plaintiff's motion for summary judgment, docket number 34, is denied without prejudice. It is further

**ORDERED** that Defendants' motion to dismiss or stay Plaintiff's motion for summary judgment, docket number 37, is dismissed as moot. It is further

**ORDERED** that this cases is remanded to the magistrate judge for further proceedings.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 5, 2017